IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANNY PADILLA,

        Plaintiff,

vs.                                                        No. CIV 11-0431  WDS

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum. Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security, who determined that Plaintiff was not eligible for benefits.  Having considered Plaintiff's Motion and Memorandum Brief [Doc. 22], Defendant's Response [Doc. 24], Plaintiff's Reply Brief [Doc. 27] and the administrative record and applicable law, the Court finds that Plaintiff's Motion is well taken and it will be granted, and this matter will be remanded to the Commissioner of Social Security for further proceedings consistent with these findings.

## Background

Plaintiff was born on November 22, 1965 and has past relevant work experience as a yard worker (landscaper) and hog beater.  Tr. 35.  Plaintiff applied for benefits on July 8, 2008.  Tr. 105.  He alleged that he became disabled as of May 1, 2005. Tr. 105. Plaintiff alleged that he was disabled as a result of leg pain, back pain, Post Traumatic Stress Disorder (PTSD), anxiety,

1

and depression. Tr. 36-37. Plaintiff's application was denied at the initial level, Tr. 45, and at the reconsideration level. Tr. 46. Plaintiff appealed by filing a request for a hearing by an administrative law judge ("ALJ"). Tr. 57-59.

A hearing was held on November 10, 2009 before ALJ William Helsper, who heard testimony from Plaintiff. Tr. 31-44. The ALJ entered a decision on February 26, 2010 finding Plaintiff not disabled. Tr. 16-26. On April 1, 2010, Plaintiff filed a request for review of the ALJ's decision with the Appeals Council. Tr. 11-12. The Appeals Council denied Plaintiff's request for review, thus rendering the ALJ's decision the final decision of the Commissioner, from which Plaintiff now appeals. Tr. 4-8. Plaintiff filed this action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). Both parties consented to the undersigned hearing this matter pursuant to 28 U.S.C. 636(c) and Fed.R.Civ.P. 73(b). [Doc. 6, 10]

## **Standard of Review and Applicable Law**

This Court may only review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. *Langley v. Barnhart,* 373 F.3d 1116, 1118 (10th Cir. 2004). In determining whether the Commissioner's findings are supported by substantial evidence, the Court should not re-weigh the evidence nor should it substitute its judgment for that of the Commissioner. *Id.* Instead, the Court should meticulously examine the record to determine whether the Commissioner's decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1988). The "substantial evidence" standard is satisfied by more than a scintilla, but less than a preponderance, of

evidence.  *Id.*  However, evidence is not substantial if it is overwhelmed by other evidence or if it constitutes a mere conclusion.  *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989).

A sequential five-step analysis applies in determining whether an adult claimant is disabled and entitled to benefits under the Social Security Act.  *See Williams,* 844 F.2d at 750-52; 20 C.F.R. §§ 404.1520, 416.920.  First, the question is whether the claimant is engaged in substantial gainful activity.  *Williams,* 844 F.2d at 750.  If so, the claimant is not disabled; if not, the analysis proceeds to step two.  *Id.*  At the second step, the question is whether the claimant has an impairment or combination of impairments that is severe.  *Id.*  If not, the claimant is not disabled; however, if the claimant makes the required showing of severity, the analysis proceeds to step three.  *Id.* at 750-51.  At step three, the question is whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed at Appendix 1, Subpart P, of 20 C.F.R. Part 404 ("Listings" or "Listed Impairment").  *Id.* at 751.  If so, the impairment is considered to be presumptively disabling.  *Id.*  If not, the analysis proceeds to step four, where the question is whether the impairment prevents the claimant from doing past work.  *Id.*

The claimant is not disabled if he or she can perform past work.  *Id.*  If the claimant cannot perform past work, the analysis proceeds to step five, where the burden shifts to the Commissioner to establish that the claimant has the RFC "to perform other work in the national economy in view of his age, education and work experience."  *Id.* (quoting *Bowen v. Yuckert,* 482 U.S. 137, 142 (1987)).  The claimant is entitled to benefits unless the Commissioner establishes that the claimant can "perform an alternative work activity and that this specific type

of job exists in the national economy." *Id.* (quoting *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984)).

## Summary of the ALJ's Decision

At step one of the sequential five-step analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since July 7, 2008, the application date. Tr. 18. The ALJ found at step two that Plaintiff had the severe mental impairments of depression and anxiety. Tr. 18. The ALJ determined that Plaintiff's physical impairments were not severe. Tr. 19. The ALJ found at step three that Plaintiff's impairments were not severe enough to meet or medically equal any of the Listings. Tr. 18. At step four, the ALJ concluded that Plaintiff had the RFC to perform a full range of work at all exertional levels, with the following non-exertional limitations: perform non-complex tasks and those jobs that allow him to work individually, i.e., with things rather than with people. Tr. 22. Given the RFC assessment, the ALJ found that Plaintiff could perform his past relevant work as a yard worker. Tr. 25.

Plaintiff alleges the following: (1) the ALJ failed to give appropriate consideration to the opinion of Plaintiff's treating physician; and (2) the ALJ failed to fully consider Plaintiff's allegations of pain and physical limitations.

## Analysis

**1) Did the ALJ Fail To Give Appropriate Consideration to the Opinion of Plaintiff's Treating Physician?**

Plaintiff alleges that the ALJ failed to appropriately consider the opinion of Plaintiff's treating physician, pursuant to *Watkins v. Barnhart*, 350 F.3d 1297 (10th Cir. 2003). That physician, Dr. Rivera, concluded that Plaintiff was able to sit for one hour during an 8-hour day, stand/walk for one-half hour, needed to lie down or recline for 2 hours secondary to left knee and

4

ankle pain and anxiety, could lift 10 pounds continuously and 11-20 pounds frequently. Tr. 21. If the ALJ had given Dr. Rivera's opinion controlling weight Plaintiff would have been deemed disabled. As noted above, the ALJ found Plaintiff's physical maladies to be non-severe, and assigned an RFC for a full range of work at all exertional levels.

Plaintiff also notes that the state agency physicians who evaluated Plaintiff's physical condition found that he had physical limitations that would have qualified as "severe" at step two of the five-part analysis. Dr. Trujillo, a one-time examining physician, stated that Padilla was limited to "light to moderate duty with limitations of bending, lifting and stooping and prolonged walking or standing." (Tr. at 373.) Dr. Bocian opined that Plaintiff's impairments limited his lifting and carrying capacity to fifty pounds occasionally and twenty-five pounds frequently, which he found consistent with Plaintiff's "medium" job as a landscaper. (Tr. at 400.) He also found that Plaintiff could stand or walk two hours in an eight-hour workday and that he could sit for six hours in an eight-hour work day. (Tr. at 400-03.) Dr. Nickerson, on the other hand, while not appearing to dispute Dr. Bocian's findings, affirmed an earlier RFC that Plaintiff could perform sustained work at a sedentary level. (Tr. at 418.) The ALJ stated that he gave "great weight" to the non-examining opinions from the state agency medical consultants, Dr. Bocian and Dr. Nickerson. (Tr. at 24-25.)

In the Court's opinion the problem with the ALJ's consideration of the medical evidence in this case is that it is simply unreviewable. It is axiomatic that the ALJ is not free to substitute his own medical opinion for that of a doctor. *See, Hamlin v. Barnhart,* 365 F.3d 1208, 1221 (10th Cir. 2004); *cf. Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993). In this case the ALJ disregarded the entirety of the medical evidence,

notwithstanding his assertion that he gave the opinion of certain state agency examiners "great weight." All of the state agency examiners found that Plaintiff had some level of physical disability that would warrant a finding of "severe" at step two, and an RFC that included physical limitations. The ALJ concluded that the Plaintiff had no severe physical impairments, and found that Plaintiff could perform a full range of work at all exertional levels. There is no medical evidence to support the RFC adopted by the ALJ, accordingly it is not supported by substantial evidence. This matter is remanded to the Commissioner for reconsideration of *all* of the medical evidence and the determination of an RFC that is supported by substantial evidence. Reconsideration of Plaintiff's RFC will necessarily entail a reconsideration of Plaintiff's allegations of pain and physical limitations, therefore it is unnecessary for the Court to separately address Plaintiff's second allegation of error.

## Conclusion

For the foregoing reasons, Plaintiff's Motion to Reverse or Remand Administrative Agency Decision is hereby granted and this matter is remanded to the Commissioner of Social Security for further proceedings consistent with these findings.

_____
**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**